IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


JAMES BARRY,
      Petitioner,

vs.                                   Case No.:  5:14cv20/RS/EMT

MICHAEL CREWS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 15).  Petitioner responded in opposition to the motion (doc. 18).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the motion to dismiss should be denied.

I.      BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 15).[1] Following a jury trial, Petitioner was convicted in the Circuit Court in and for Bay County, Florida, Case No. 2009-CF-3568, of one count of burglary of a conveyance with battery (Exs. D, E).  In a

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 15) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

judgment rendered August 17, 2010, he was adjudicated guilty and sentenced as a habitual felony offender to 84 months in prison, with pre-sentence credit of 286 days, followed by 120 months of probation (Ex. I at 269–70, Ex. J).  Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D10-4556 (Exs. K, L).  The First DCA affirmed the judgment per curiam without written opinion on August 24, 2011, and the mandate issued September 20, 2011 (Ex. O).  Barry v. State, 68 So. 3d 236 (Fla. 1st DCA 2011) (Table).

On July 16, 2012, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. P1).  In an order rendered October 10, 2012, the state circuit court determined that Petitioner's claims were facially insufficient and struck the motion, but provided Petitioner an opportunity to file an amended motion within thirty days, "before this Court takes any further action on his Rule 3.850 motion" (Ex. Q).  Petitioner filed an amended Rule 3.850 motion on November 8, 2012, which was by the 30-day deadline (Ex. R1).  In an order rendered February 25, 2013, the court struck the motion because it failed to contain a proper oath, and provided Petitioner an opportunity to file an amended motion with a proper oath "before this Court takes any further action on his Rule 3.850 motion" (Ex. S).  Petitioner filed a second amended Rule 3.850 motion on February 28, 2013, which was by the 30-day deadline established by the court (Ex. T2).  The state circuit court denied the motion in an order rendered June 20, 2013 (Ex. U).  Petitioner appealed the decision to the First DCA, Case No. 1D13-3465 (Ex. V).  On November 7, 2013, the First DCA per curiam affirmed the lower court's decision (Ex. W).  Barry v. State, 124 So. 3d 919 (Fla. 1st DCA 2013) (Table).  The mandate issued December 3, 2013 (*id.*).

Petitioner filed the instant habeas action on January 16, 2014 (doc. 1).

II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 15 at 4).  Petitioner does not argue that a different statutory trigger applies; however, he contends the finality date of his conviction is the date of the First DCA's mandate affirming the lower court's decision in the Rule 3.850 proceeding (*see* doc. 18 at 4).

The plain language of the statute provides that the finality date is "the date on which the judgment became final by the conclusion of <u>direct</u> review or the expiration of the time for seeking such review."  *See* § 2244(d)(1)(A) (emphasis added).  In Florida, a Rule 3.850 proceeding is a collateral proceeding, not part of the direct review process for a judgment of conviction and sentence.  Therefore, Petitioner's judgment of conviction became final for purposes of § 2244(d)(1)(A) when the direct appeal process concluded, that is, upon expiration of the 90-day period in which he could have sought direct review of his conviction in the United States Supreme Court.  *See* <u>Bond v. Moore</u>, 309 F.3d 770, 773 (11th Cir. 2002).

In Petitioner's case, the 90-day period commenced on August 25, 2011, and expired ninety days later on November 23, 2011.[2]  *See* <u>Chavers v. Sec'y, Fla. Dep't of Corr.</u>, 468 F.3d 1273, 1275 (11th Cir. 2006) (the 90-day period runs from the date of entry of the judgment sought to be reviewed, rather than from the issuance of the mandate).  The federal limitations period began to run

---

[2] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90-day period expired on November 23, 2011.

the next day, on November 24, 2011.  *See* <u>Wainwright v. Sec'y, Dep't of Corr.</u>, 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).  Petitioner had one year from that date, or until November 24, 2012, to file his § 2254 petition.  *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira v. Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before November 24, 2012; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In this case, there is no dispute that Petitioner filed a tolling motion, specifically, his original Rule 3.850 motion, on July 16, 2012, after **235 days** of the federal limitations period expired. Respondent argues the original Rule 3.850 motion was pending only until October 10, 2012, when the state circuit court rendered its order striking the motion with leave to amend (*see* doc. 15 at 4). Petitioner argues in his reply that he should not be "penalized" in this § 2254 proceeding for the state circuit court's invoking the <u>Spera</u> procedure, described *infra*, of striking his Rule 3.850 motion(s) with leave to amend, before the state court would consider his Rule 3.850 claims (doc. 18 at 3).  The undersigned liberally construes Petitioner's reply as arguing that his original and amended Rule 3.850 motions should be deemed "pending" during the periods between the state circuit court's orders striking each motion with leave to amend, and Petitioner's filing amended motions within the time frame established by the state court.  The timeliness of Petitioner's federal petition turns on this issue.

In <u>Carey v. Saffold</u>, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002), the State of California urged the Supreme Court to establish a "uniform national rule" to the effect that an application for state collateral review is not "pending" in the state court during the interval between a lower court's entry of judgment and the timely filing of a notice of appeal (or petition for review)

in the next court.  The State of California's rationale was that, during this period of time, the petition is not under court consideration.  <u>Carey</u>, 536 U.S. at 219.  The Supreme Court rejected that argument:

> California's reading of the word "pending," however, is not consistent with that word's ordinary meaning.  The dictionary defines "pending" (when used as an adjective) as "in continuance" or "not yet decided."  Webster's Third New International Dictionary 1669 (1993).  It similarly defines the term (when used as a preposition) as "through the period of continuance . . . of," "until the . . . completion of."  *Ibid*.  That definition, applied in the present context, means that an application is pending as long as the ordinary state collateral review process is "in continuance" – *i.e.*, "until the completion of" that process.  In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending."

*Id.* at 219–20.  The Court concluded that a petitioner's claim is "pending" for the entire term of state court review, including those intervals between one state court's judgment and the filing of an appeal with a higher state court.  *Id.* at 219–21.  A state post-conviction application is therefore "pending" under § 2244(d)(2) "both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's timely filing of a petition for review at the next level."  <u>Wade v. Battle</u>, 379 F.3d 1254, 1262 (11th Cir. 2004).  The Supreme Court reaffirmed in <u>Evans v. Chavis</u>, 546 U.S. 189, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) that "[t]he time that an application for state post[-]conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law."  546 U.S. at 191 (citing <u>Carey</u>, 536 U.S. at 219–20).

Here, Respondent's argument that Petitioner's original Rule 3.850 motion was not "pending" after October 10, 2012, because the motion was not under court consideration, is inconsistent with the ordinary meaning of "pending"; it is also inconsistent with the procedure Florida courts have established for processing "facially insufficient" Rule 3.850 motions—the procedure that the state court applied in this case.  In processing Petitioner's Rule 3.850 motion, the state court applied the procedures outlined in <u>Spera v. State</u>, 971 So. 2d 754 (Fla. 2007) and <u>Nelson v. State</u>, 977 So. 2d 710, 711–12 (Fla. 1st DCA 2008).  In <u>Nelson</u>, the First DCA described and further clarified the <u>Spera</u> procedure:

The procedure articulated in *Spera* allows a defendant an opportunity to amend facially insufficient postconviction claims unless the claims cannot be corrected. *See id.* at 755, 761; *see also Prevost v. State*, 972 So. 2d 274 (Fla. 1st DCA 2008) (holding that *Spera* allows the defendant one opportunity to cure the deficient claims within 30 days, and if no amendment is filed within the allowed time, claims may be denied with prejudice). *Spera*'s procedure applies uniformly to all insufficiently pled postconviction claims whether determined to be legally or facially *insufficient*. *Spera*, 971 So. 2d at 761. The trial court has discretion in determining the length of the defendant's leave to amend and *Spera* suggested thirty days would be reasonable. *Id*. Although a trial court in its discretion may grant more than one opportunity to amend an insufficient claim, *Spera* does not mandate repeated opportunities. . . .

Finally, based upon *Spera* and *Nelson v. State*, 875 So. 2d 579, 584 (Fla. 2004), <u>once the window of opportunity to amend expires and the defendant is unable or unwilling to cure the deficiency, the insufficient claim may be denied with prejudice.</u>

The trial court, upon receipt of a rule 3.850 motion, but prior to ruling on the merits of the entire motion, should review the motion to determine whether any claims are facially or legally insufficient. If any claims are insufficient, the trial court should strike the motion with leave to amend the insufficient claims unless the deficiencies cannot be cured. <u>Should the defendant decline to amend, the defendant may move the trial court to enter a final order of disposition on the motion.</u>

<u>Nelson</u>, 977 So. 2d at 711–12 (emphasis by underscoring added). The emphasized language indicates that Florida's "state collateral review process is 'in continuance,'" <u>Carey</u>, 536 U.S. at 219–20, and is not complete, until the state circuit court issues a final disposition of the motion. <u>Nelson</u>, 977 So. 2d at 712; *see also* <u>Russell v. State</u>, 46 So. 3d 151, 152 (Fla. 2d DCA 2010) (holding that state circuit court's order dismissing facially insufficient post-conviction motion without prejudice was not final appealable order); <u>Christner v. State</u>, 984 So. 2d 561, 562–63 (Fla. 2d DCA 2008) (holding that state circuit court's order striking defendant's motion to reinstate his original post-conviction motion, which had been dismissed as facially insufficient but without prejudice to allow defendant to amend it, was an interim order relating to still pending original post-conviction proceedings, and indicating that when a circuit court issues an order striking a postconviction motion (or claim) as facially insufficient with leave to amend within a specified time, the circuit court has not "complete[d] its work" on the motion and must enter a final order disposing of the motion if the prisoner does not avail himself of the opportunity to amend); <u>Howard v. State</u>,

976 So. 2d 635 (Fla. 5th DCA 2008) (holding that circuit court's order denying post-conviction motion without prejudice to amend any claims found in the order to be "insufficient" was not a final order); Lee v. State, 939 So. 2d 154, 155 (Fla. 1st DCA 2006) (holding that circuit court's order finding petitioner's claims in his Rule 3.850 motion facially insufficient and dismissing motion without prejudice to re-file facially sufficient motion is "a nonappealable, nonfinal order"); *accord* S.L.T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974) (articulating Florida's general test of finality as "whether the order in question constitutes the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the cause as between the parties directly affected.").

Here, the state circuit court's orders striking Petitioner's original and amended Rule 3.850 motions did not end the proceedings in the circuit court. Pursuant to the Nelson procedure, even if Petitioner had not availed himself of the opportunity to amend, the circuit court would have entered a final order disposing of the Rule 3.850 motion by denying any insufficient claims with prejudice. *See* Nelson, 977 So. 2d at 712; *accord* Russell, 46 So. 3d at 152; Christner, 984 So. 2d at 562–63 Lee, 939 So. 2d at 155. Indeed, in its orders striking Petitioner original and amended Rule 3.850 motions, the circuit court expressly advised Petitioner that it eventually would take action on his Rule 3.850 motion (*see* Exs. Q, S).

As a final matter, the dispositive issue in this case is distinguishable from the issue resolved by the Eleventh Circuit in Moore v. Crosby, 321 F.3d 1377 (11th Cir. 2003). In Moore, a Florida prisoner's properly filed state post-conviction application was denied and his time to appeal expired. The prisoner later filed a motion for belated appeal, which was granted. The Eleventh Circuit held that "[i]t is clear that tolling continues under section 2244(d)(2) while the petitioner appeals the denial of a state application in state court." *Id*. at 1380 (citing Carey, 536 U.S. at 214). The court went on to consider "what effect the granting of a motion for belated appeal from the denial of a timely state [post-conviction] application would have on calculating how long that state [post-conviction] application was pending under section 2244(d)(2)." *Id*. Adopting the analysis of the Fifth Circuit in Melancon v. Kaylo, 259 F. 3d 401 (5th Cir. 2001), the Eleventh Circuit held that a state post-conviction application ceases to be pending when the appeal period expires, because at that point the petitioner is not entitled to further appellate review. *Id*. at 1380–81. The court went

on to hold that a subsequent "properly filed" motion for belated appeal may entitle the petitioner to additional tolling beginning at the time of the proper filing of that motion, but only if the motion for belated appeal is filed before the federal habeas limitations period expires. *Id*. at 1381.

The instant case is distinguishable from <u>Moore</u>, because under Florida law, Petitioner was entitled to further review of his Rule 3.850 motion in the state circuit court so long as he filed an amended motion, or a motion for a final order of disposition on his first motion, by the deadline established by the court, which is what Petitioner did. *See* <u>Russell</u>, 46 So. 3d at 152; <u>Christner</u>, 984 So. 2d at 562–63; <u>Nelson</u>, 977 So. 2d at 711–12; <u>Lee</u>, 939 So. 2d at 155.

In light of the foregoing considerations and the specific circumstances of this case (*i.e.,* the dispositive nature of the "pending" issue and Petitioner's contesting Respondent's statutory tolling argument), the undersigned finds merit to the argument that Petitioner's Rule 3.850 remained "pending," for purposes of statutory tolling, until the circuit court issued its final order of disposition and the appeal of that order concluded.[3]  Petitioner's Rule 3.850 motion, filed July 16, 2012, was thus pending until December 3, 2013, upon issuance of the First DCA's mandate. *See* <u>Nyland v. Moore</u>, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).  The federal limitations period recommenced the next day, on December 4, 2013, and ran only **43 days** until January 16, 2014, when he filed his federal petition.  Petitioner's federal petition was thus filed within the one-year limitations period (**235 days + 43 days = 278 days**).

## III.   CONCLUSION

---

[3] The instant case is distinguishable from prior cases in which this district court concluded that the petitioner's first Rule 3.850 motion was "pending" only until the date of rendition of the state circuit court's order striking the motion, even when the petitioner filed a timely amended motion. *See, e.g.*, <u>Roberts v. Sec'y of Fla. Dep't of Corr.</u>, No. 3:13cv82/WS/EMT, 2014 WL 28796, at *3 n.4 (N.D. Fla. Jan. 2, 2014) (unpublished) (petitioner conceded untimeliness of § 2254 petition but argued entitlement to review under the fundamental miscarriage of justice exception); <u>Fisher v. Tucker</u>, No. 3:11cv241/RV/MD, 2012 WL 1903047 *3 (N.D. Fla. Apr. 23, 2012) (unpublished) (petitioner did not oppose respondent's untimeliness argument), *Amended Report and Recommendation Adopted by* 2012 WL 1901935 (N.D. Fla. May 24, 2012) (unpublished); <u>Green v. Tucker</u>, No. 3:10cv418/MCR/MD, 2011 WL 6942895, *3 (N.D. Fla. Nov.17, 2011) (unpublished) (same), *Report and Recommendation Adopted by* 2012 WL 13552 (N.D. Fla. Jan. 4, 2012) (unpublished); <u>Smith v. Buss</u>, No. 3:09cv278/MCR/EMT, 2011 WL 818157, * 6 (N.D. Fla. Feb. 4, 2011) (unpublished) (conclusion that petitioner's first Rule 3.850 motion was "pending" only until the date of rendition of the state circuit court's order striking the motion, even when the petitioner filed a timely amended motion, was not dispositive of timeliness issue), *Report and Recommendation Adopted by* 2011 WL 810017 (N.D. Fla. Feb. 28, 2011) (unpublished).

Petitioner's § 2254 petition was filed prior to expiration of the one-year limitations period. Therefore, Respondent's motion to dismiss is due to be denied.

Accordingly, it is respectfully **RECOMMENDED**:

1.       That Respondent's motion to dismiss (doc. 15) be **DENIED**.

2.       That if the district court adopts this Report and Recommendation, Respondent be directed to file an answer to the habeas petition within **SIXTY (60) DAYS** from the date of docketing of the district court's order.

At Pensacola, Florida, this 5<u>th</u> day of November 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**