## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

JAMES BARRY,

       Petitioner,

v.                                CASE NO.  5:14cv20-RH/EMT

JULIE L. JONES,

       Respondent.

_____/


## ORDER DENYING THE PETITION AND
## DENYING A CERTIFICATE OF APPEALABILITY


This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before

the court on the magistrate judge's second report and recommendation, and the

supplement to the second report and recommendation, ECF Nos. 31 and 35, and

the objections, ECF No. 36.  I have reviewed *de novo* the issues raised by the

objections.  The second report and recommendation, as supplemented, is correct

and is adopted as the court's opinion, with this additional note.

The second report and recommendation, as supplemented, correctly

concludes that the petitioner's second and third claims were procedurally

defaulted.  Those claims assert that the trial court improperly overruled objections

to the prosecutor's closing argument and to an officer's testimony.  Even had the claims not been procedurally defaulted, the petitioner would lose the claims on the merits.  The trial court's rulings were probably correct and in any event were not an abuse of discretion, so the petitioner was not entitled to relief even on direct appeal as a matter of state law.  Even more clearly, the rulings did not violate the Constitution.  And more clearly still, the rejection of any constitutional claim was not an unreasonable application of federal law as established by the Supreme Court or based on an unreasonable determination of the facts in light of the evidence presented at the trial.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues
presented were " 'adequate to deserve encouragement to proceed
further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to

obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing.  This order thus denies a

certificate of appealability.  Because the petitioner has not obtained—and is not

entitled to—a certificate of appealability, any appeal will not be taken in good

faith.  I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will

not be taken in good faith and that the petitioner is not otherwise entitled to

proceed on appeal *in forma pauperis*.  But for the requirement to obtain a

certificate of appealability, leave to proceed on appeal *in forma pauperis* would be

granted.

For these reasons,

IT IS ORDERED:

1.  The second report and recommendation, as supplemented, is

ACCEPTED.

2.   The clerk must enter judgment stating, "The petition is DENIED with

prejudice."

3.   A certificate of appealability is DENIED.

4.   The clerk must close the file.

SO ORDERED on July 5, 2015.

s/Robert L. Hinkle
United States District Judge